

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00276-CV

_____

IN THE INTEREST OF J.C., A CHILD

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. 2009-30700-211

Before Gabriel, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion on Rehearing

## MEMORANDUM OPINION ON REHEARING

On October 18, 2018, this court issued an opinion dismissing this appeal on the ground that appellant A. P.-S. had failed to pay the requisite filing fee. On November 12, 2018, A. P.-S. filed "Appellant's Second Response in Support of Appeal Continuation Procedural Requirement Filing Fee Dismissal Memo," asserting that she had remitted the filing fee on September 28, 2018. Construing this filing as both a motion for extension of time to file a motion for rehearing and a motion for rehearing, we grant both motions, withdraw our prior opinion and judgment, and substitute the following in its place.

Appellant A. P.-S. attempts to appeal from the trial court's August 13, 2018 "Temporary Restraining Order and Order Setting Hearing for Temporary Orders," as well as from an alleged "Order in Suit Modifying the Parent-Child Relationship" that the trial court rendered on August 23, 2018. On September 28, 2018, we notified A. P.-S. of our concern that we lacked jurisdiction over this appeal. Specifically, we stated our concern that we lacked jurisdiction over the appeal from the trial court's August 23, 2018 Order in Suit Modifying the Parent-Child Relationship because the trial court clerk had informed this court that the trial judge had not signed a written order and, thus, it appeared that there was no appealable order and that appellant's notice of appeal was premature. *See* Tex. R. App. P. 26.1, 27.1(a). With regard to the August 13, 2018 Temporary Restraining Order and Order Setting Hearing for Temporary Orders, we expressed concern that we lacked jurisdiction over an appeal

2

from that order because it did not appear to be a final judgment or an appealable interlocutory order.  *See* Tex. Fam. Code Ann. § 105.001(e) (West 2014); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding) (stating that temporary orders in family law cases are not appealable).

We informed A. P.-S. that unless she or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by October 8, 2018, we would dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 44.3. A. P.-S. has responded, but her response does not show grounds for continuing this appeal.

Generally, appeals may be taken only from final judgments.  *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if allowed by statute.  *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).  Because this appeal does not involve a signed final judgment or an appealable interlocutory order, we dismiss it for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also J.W.L.*, 291 S.W.3d at 83.

Per Curiam

Delivered:  November 29, 2018

3